UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCAS SEBASTIAN,[1]<br><br>      Plaintiff,<br><br>  -against-<br><br>JANE DOE; JOHN DOE,<br><br>      Defendants. | 25-CV-0911 (JAV)<br><br>ORDER |

JEANNETTE A. VARGAS, United States District Judge:

  Plaintiff, who seeks to proceed under the pseudonym Lucas Sebastian, brings this action *pro se*. Plaintiff sues John Doe, whom he alleges resides somewhere in the United States, and Jane Doe, whom he alleges resides somewhere in the State of New York. Plaintiff does not provide service addresses or any other identifying information with respect to the Defendants

  Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). However, a plaintiff ultimately "retains the obligation to provide the necessary information to name or identify the defendant and to serve him," *Carpio v. Luther*, No. 06-CV-0857, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009); *see Valentin*, 121 F.3d at 76 (stating that a district court may, after appropriate inquiry, determine "that the information available is insufficient to identify the defendant with enough specificity to permit service of process, so that dismissal of the complaint is warranted").

  Here, Plaintiff provides no identifying information with respect to either defendant. Nor does the complaint identify any person or institution that the Court could direct to assist in identifying the defendants. The Court is therefore unable to issue a *Valentin* order as to

---

[1] A pseudonym.

Defendants at this time. In the complaint, Plaintiff alleges that he previously successfully served a cease-and-desist letter on Defendant John Doe, and that John Doe replied to the letter, suggesting that Plaintiff may have identifying information for this defendant. The Court directs Plaintiff, within 30 days of the date of this order, to provide any additional information that could help identify Defendants, as well as information on any other individual or institution that may be able to assist in identifying the Defendants.

Furthermore, while the court will assist a plaintiff proceeding *in forma pauperis* with effecting service on a defendant, "[i]t is the responsibility of the plaintiff . . . to provide a current address at which service may be effected on each defendant." *Lewis v. Maldonado*, No. 3:14-CV-437 MPS, 2015 WL 2016174, at *1 (D. Conn. May 1, 2015); *see Hunter v. Hill*, No. 04-CV-920SC, 2009 WL 483154, at *2 (W.D.N.Y. Feb. 25, 2009) ("[I]t is not the responsibility of the [Court] . . . to provide plaintiffs with the names and addresses of the defendants which they sue.").

The Court therefore directs Plaintiff, within 30 days, to provide the Court with current addresses at which Defendants may be served. If Plaintiff is unable to comply within the prescribed time, he should file a motion seeking an extension of time.

## CONCLUSION

The Court directs Plaintiff, within 30 days, to provide the Court with: (1) additional information that could help identify Defendants, as well as information on any other individual or institution that may be able to assist in identifying the Defendants; and (2) current addresses at which Defendants may be served.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 19, 2025
         New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge