UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUCAS SEBASTIAN,

                    Plaintiff,                      25-CV-0911 (JAV)

              -v-                      OPINION AND ORDER

JANE DOE AND JOHN DOE,

                    Defendants.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff "Lucas Sebastian" filed this suit against Jane and John Does ("Defendants") for defamation. ECF No. 4 ("Compl."). At issue is whether Plaintiff can litigate this action under a pseudonym. For the reasons stated below, the motion to proceed under a pseudonym is DENIED.

## BACKGROUND

As alleged in the Complaint, on or around July 30, 2024, Plaintiff discovered an online article. Compl., ¶ 6. The article, which described Plaintiff by his full legal name and also included a photo of him, made several defamatory claims about Plaintiff, including statements that Plaintiff had enabled a pedophile, run an online scam, threatened to commit suicide, and used racial slurs online. *Id.* ¶¶ 7-8. Plaintiff avers that the article greatly distressed him because he was applying to universities at the time and was concerned that the article would harm his chances of admittance at a top university. *Id.* ¶ 9.

Plaintiff alleges that Defendant Jane Doe authored and published the article, while Defendant John Doe owns and operates the web domain that hosted the article. *Id.* ¶¶ 10, 12-13. Plaintiff served a cease and desist letter on the owner of the web domain, who "acknowledged the letter and promised the Plaintiff that this issue would be resolved." *Id.* ¶ 11. Approximately six months after his discovery, however, Plaintiff found that the article still existed in its original form. *Id.*

On January 21, 2025, Plaintiff filed a motion for leave to proceed under a pseudonym and for any filings containing his real name to be sealed pending adjudication of that motion. ECF No. 1 ("Motion" or "Mot."). In the Motion, Plaintiff claims that after publication of the article, his "family received threatening phone calls from third parties who had read the claims published by the Defendant and believed them to be true." Mot. at 2. Plaintiff argues that, were he to proceed under his real name, it would bring further attention to the defamatory material that has been published about him. *Id.* Plaintiff states that Defendants are already aware of his identity, and thus would not be prejudiced were he to be permitted to proceeded under a pseudonym. *Id.*

## LEGAL STANDARD

Under Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). A district court has discretion to grant an exception to the "general

requirement of disclosure of the names of parties" to allow a party to proceed under a pseudonym. *Id.* at 189 (citation omitted).

The Second Circuit sets forth a "non-exhaustive" list of ten factors that a district court should consider when ruling on a motion to proceed anonymously. *Id.* at 189-90. Under *Sealed Plaintiff*, the factors are:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

3

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*See id.* at 190 (cleaned up). "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4. "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

## DISCUSSION

Other than the first *Sealed Plaintiff* factor, which considers whether the litigation involves matters of a sensitive and personal nature, the *Sealed Plaintiff* factors do not weigh in Plaintiff's favor. Plaintiff alleges that Defendant's article falsely accuses Plaintiff of enabling pedophilia. Mot. at 2; Compl., ¶ 8. "Allegations of sexual assault," including "allegations of sexual abuse of minors," are "'paradigmatic example[s]' of highly sensitive and personal claims." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (quotation omitted). But this factor alone is "not sufficient to entitle a plaintiff to proceed under a pseudonym." *Id.*; *see also Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (first *Sealed Plaintiff* factor is not dispositive). Plaintiff has not sufficiently demonstrated that his "interest in anonymity" outweighs the prejudice to Defendants and "the customary and constitutionally-embedded presumption of openness in judicial

proceedings." *Doe v. Freydin*, 21-CV-8371 (NRB), 2021 WL 4991731, at *4 (S.D.N.Y. Oct. 27, 2021) (citing *Sealed Plaintiff*, 537 F.3d at 189).

The Court starts its analysis with the seventh *Sealed Plaintiff* factor, whether Plaintiff's identity has been kept confidential, as it informs much of the consideration of the remaining factors. Plaintiff seeks to proceed under a pseudonym and to seal all court filings that include his real name to "prevent any inadvertent disclosure of Plaintiff's real identity." Mot. at 1. But Plaintiff's "real identity" is already public, as Plaintiff himself admits. A defamation action by its nature entails that false defamatory information regarding Plaintiff has been published to third parties. More importantly, Plaintiff alleges that publication was made through the posting of an online article, accessible to the public at large. In fact, Plaintiff alleges that when he "searched his name into google [sic] he found that [the] article [in question] was the first result that would appear." Compl., ¶ 9.[1] "Prior disclosure to the public of a plaintiff's identity effectively nullifies the shield of privacy provided by proceeding anonymously." *Doe v. Solera Cap. LLC*, No. 18 CIV. 1769 (ER), 2019 WL 1437520, at *7 (S.D.N.Y. Mar. 31, 2019). This factor therefore weighs strongly against Plaintiff. *Compare Solera Cap. LLC*, 2019 WL 1437520, at *7 (finding that lack of prior disclosure favors the plaintiff), *with Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y 1996) (holding that prior public identification

---

[1] The Court notes that, even were the Court to grant Plaintiff's motion to proceed through a pseudonym, his identity would be readily identifiable from the face of the Complaint itself, which names the website on which the allegedly defamatory material was published and describes the content of the article in question.

of the plaintiff weighs against proceeding anonymously), *and Roe v. Does 1-11,* No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *4 (E.D.N.Y. Oct. 14, 2020) (in defamation suit, holding that seventh factor was "neutral" where alleged publication of defamatory material was made only to a limited group of people and was not otherwise publicly disseminated).

The second and third *Sealed Plaintiff* factors address the harm that would occur from the disclosure of Plaintiff's identity. *See Doe v. Combs*, 23-CV-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024). The relevant inquiry is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Doe 1 v. Branca USA, Inc.,* No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (citing *Rapp*, 537 F. Supp. 3d at 528-29). As discussed above, Plaintiff's identity as the subject of the defamatory article is already known to the public. The only potential harm articulated by Plaintiff in his Motion is that further attention would be brought to the defamatory article, thereby exacerbating the harm to his reputation. Yet this reputational harm has only the most tenuous connection to the disclosure of his identity as a litigant in this lawsuit. *See A.B. v. C.D.*, No. 17-CV-5840 (DRH) (AYS), 2018 WL 1935999, at *2 (E.D.N.Y. Apr. 24, 2018) (denying motion to proceed anonymously where the alleged mental harm resulted from the defamation that preceded the lawsuit). Moreover, it is well-established that "the potential for embarrassment or public humiliation does not, without more, justify a

request for anonymity." *Doe v. Leonelli*, No. 22-CV-3732 (CM), 2022 WL 2003635, at *2 (S.D.N.Y. June 6, 2022) (citation omitted).

To the extent Plaintiff argues that it is the disclosure of his identity as a litigant that would result in harm, Plaintiff has not demonstrated that he would be subjected to threats or intimidation if his identity as the plaintiff in this action were to become known. *See Doe v. Combs*, No. 24-cv-7777 (LJL), 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025). To the contrary, Plaintiff concedes that Defendants are already aware of his identity, which undercuts any suggestion that proceeding under a pseudonym is required to protect Plaintiff from retaliatory harm for bringing this suit. *Leonelli*, 2022 WL 2003635, at *2. Although Plaintiff submits that his family has received threatening phone calls as a result of the defamatory article, Mot. at 2, there is no suggestion that linking Plaintiff with this lawsuit would lead to any threat against himself or others. *Branca*, 2022 WL 2713543, at *4 (citing *Doe v. Smith*, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999)). Accordingly, these factors cut against Plaintiff's request to proceed anonymously.

The Court finds that Defendants would be prejudiced were Plaintiff permitted allowed to litigate this case under a pseudonym. Plaintiff asserts that his "interest in maintaining anonymity outweighs any potential prejudice to the Defendant, as the Defendant is already fully aware of Plaintiff's real identity." Mot. at 2. "Although defendants know who plaintiff is, concealment of plaintiff's identity from the public can still hamper defendants' ability to conduct discovery." *Freydin*, 2021 WL 4991731, at *3 (citation omitted). For example, "persons with information

7

about the plaintiff or his allegations that would be helpful to the defense but were unknown to the defendant might not come forward." *Branca*, 2022 WL 2713543, at *2. Additionally, by bringing this action, Plaintiff "has put [his] credibility in issue." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). Defendants are, "therefore, entitled to investigate [his] background and challenge [his] allegations and [his] credibility." *Doe v. Combs*, No. 24-cv-8054 (MKV), 2024 WL 4635309, at *3 (S.D.N.Y. Oct. 30, 2024) (citing *Shakur*, 164 F.R.D. at 361).

The other *Sealed Plaintiff* factors similarly weigh against Plaintiff or are neutral. Plaintiff has not argued that his age makes him particularly vulnerable to the possible harms of disclosure. *Sealed Plaintiff*, 537 F.3d at 190. This is a suit involving private parties, and not governmental actors, which also weighs against allowing Plaintiff to proceed under a pseudonym. *Solera Cap. LLC*, 2019 WL 1437520, at *6. And this is not a case focused on "abstract challenges to public policies," for which the public interest in learning the identity of the litigants might be weaker. *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 12-cv-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). Although the Court does not believe there are other mechanisms for protecting Plaintiff's identity, this is largely because his real name is already in the public domain.

Finally, the Court finds that the public interest would be furthered by requiring Plaintiff to disclose his identity. "Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser." *Branca*, 2022 WL 2713543, at

*2. Therefore "something more is required to rebut the presumption of public access . . . and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Id.* Plaintiff has not demonstrated that he is likely to suffer such harm if required to litigate this action under his real name.

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed Under a Pseudonym is **DENIED**. The Clerk of Court is directed to terminate ECF No. 1.

The Court will delay the unsealing of all filings in this matter for 60 days, to allow Plaintiff to determine if he intends to proceed with this action in light of the Court's ruling. By that date, Plaintiff shall file an amended Complaint to include his own name.

SO ORDERED.

Dated: March 19, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge