UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LUCAS SEBASTIAN, :
:
                        Plaintiff, :        25-CV-00911 (JAV)
:
          -v- :        <u>ORDER OF DISMISSAL</u>
:
JANE DOE and JOHN DOE, :
:
                      Defendants. :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

    Plaintiff in this case filed his action under a pseudonym. The Court denied Plaintiff's motion to proceed anonymously by Opinion and Order dated March 19, 2025, and instructed Plaintiff to file an amended complaint to include his own name within 60 days. ECF No. 11. Plaintiff failed to file the amended filing. On June 17, 2025, the Court issued an order for Plaintiff to show cause, in writing and filed on ECF by July 1, 2025, why the Court should not dismiss this case for failure to prosecute. ECF No. 12. To date, the Court has not received any submission from Plaintiff in response to the order to show cause.

    The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the

duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Plaintiff has not filed anything in this case since February 22, 2025. Plaintiff did not comply with the Court's order of March 19, 2025, directing Plaintiff to file an amended complaint to include his own name, nor did he respond to the Court's June 17 order to show cause. Plaintiff was put on notice by the Court's June 17, 2025 Order that any failure to comply with the Court's order could result in dismissal of his case for failure to prosecute. Dismissal of the case is therefore warranted. Given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to terminate all pending motions and to close the case.

SO ORDERED.

Dated: July 29, 2025
  New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2